Filed 1/28/26  P. v. LaRoche CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102806 |
| Plaintiff and Respondent, | (Super. Ct. No. 24FE010908) |
| v. | |
| JEFFREY NELS LAROCHE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jeffrey Nels LaRoche asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

## I.  BACKGROUND

Shortly after midnight on June 12, 2024, law enforcement officers responded to a report of "unwanted subjects" in a residence.  At the residence, the officers saw a red sports utility vehicle (SUV) being driven slowly past them, away from the residence.

1

One of the officers asked the driver (later identified as defendant) to stop. Defendant did not stop; he sped away and the officers pursued him. During the chase that followed, defendant drove at speeds up to 75 miles per hour; he ran at least one red light and one stop sign. During the chase, defendant also turned off his headlights. The chase lasted two or three minutes and ended when the officers lost sight of defendant's SUV.

Defendant was arrested several days later. The People charged him with recklessly evading a peace officer (Veh. Code, § 2800.2, subd. (a)) and alleged numerous aggravating circumstances including that defendant's prior convictions were numerous or increasing in seriousness (Cal. Rules of Court, rule 4.421(b)(2)). Defendant pled not guilty and proceeded to a jury trial.

During trial, the People advised the trial court that, with regard to the alleged aggravating circumstances, they would proceed only on the alleged aggravating circumstance that defendant's prior convictions were numerous or increasing in seriousness. The parties agreed a jury was not required for a trial on that aggravating circumstance; the trial court could find it true based solely on the "rap sheet."

On November 20, 2024, the jury found defendant guilty as charged. Immediately following the verdict, the trial court proceeded to a bench trial on the aggravating circumstance alleged. The People presented defendant's certified "rap sheet" to prove his prior convictions were numerous or increasing in seriousness. The court asked defendant if he objected to admitting the document, and he had no objections.

Defendant argued the evidence did not show his prior convictions were increasing in seriousness. The trial court agreed.

The People noted that defendant had 28 "separate misdemeanor and felony convictions throughout his criminal history." This, the People argued, amounted to "numerous" prior convictions. The court agreed and found "beyond a reasonable doubt that the prior convictions suffered by [defendant] are numerous. Therefore, the aggravating circumstance alleged is true."

At sentencing, the trial court granted the People's motion to dismiss an unrelated, pending misdemeanor case. The court found defendant was not eligible for probation absent unusual circumstances, and there were no unusual circumstances. Accordingly, the court denied probation. The court sentenced defendant to eight months in state prison (one-third the middle term) to be served consecutive to defendant's three-year sentence in another matter.

The trial court awarded defendant 17 days of custody credit (nine actual days and eight conduct) and ordered him to pay the minimum $300 restitution fine (Pen. Code, § 1202.4) and imposed but stayed a matching minimum $300 parole revocation fine (Pen. Code, § 1202.45). The court also ordered defendant to pay a $40 court operations assessment (Pen. Code, § 1465.8) and a $30 conviction assessment (Gov. Code, § 70373). Defendant then asked for the "fines and fees and the restitution fee [to] be suspended or stayed given [his] indigent status under *People v. Dueñas* [(2019) 30 Cal.App.5th 1157, overruled in part in *People v. Kopp* (Dec. 29, 2025, S257844) __ Cal.5th__ [2025 Cal.LEXIS 8402]]." The court agreed to "stay those fees."

Defendant filed a timely notice of appeal.

## II. DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

## III.  DISPOSITION

The judgment is affirmed.


/S/

_____

RENNER, J.


We concur:


/S/

_____

DUARTE, Acting P. J.


/S/

_____

MESIWALA, J.


4